Shackelford, J.,
delivered the opinion of the Court.
This suit was commenced by defendants in error, to recover damages for an injury sustained by the defendant in error, Mrs. Barrett, in crossing a bridge of ■¡the plaintiff in error, which was out of repair.
It appears the bridge of the company was out of repair for crossing, and workmen had been engaged in repairing it, a few days before the accident. During the time they were repairing it, obstructions were *509 placed on it and the road, so as to warn the citizens of its condition. On the morning of the accident, many persons had crossed the bridge, there being no obstructions; and it had been completed, except some loose planks on the floor near the center, which had not been pinned down. The planks, in crossing, sprung and created a noise, that tended to alarm horses in crossing. In approaching the bridge, the defendant in error, Mrs. Barrett, alighted from her horse, and gave him to her son, a young man who was with her, to lead him over. She went ahead. In approaching that part of the bridge where the .planks were loose, the horse became alarmed, broke from the boy who was holding him, ran over the defendant in error, Mrs. Barrett, inflicting serious injuries. There is proof the horse was unsafe for a lady to ride. A judgment was rendered for defendant; a new trial was moved, supported by affidavits, which was refused by the Court. The record is filed for error. It is now insisted the charge of the Court is erroneous. His Honor charged as follows : “Two things must be shown; first, that Mrs. Barrett observed such care and prudence as the law requires from one in her situation; second, if this is shown, whether the defendants were guilty of such negligence as would subject them to liability. If the injury to Mrs. Barrett was the result of her own gross negligence, or if she contributed to it, the plaintiff could not recover; for, if the injury could have been avoided by ordinary care and prudence, then there would have been no liability. Ordinary care and pru *510 dence are such, as would he reasonably expected from one in the situation of Mrs. Barrett.”
This is the principle and substance of the charge. We are unable to see any error. The plaintiffs in error are a corporation; have rights and privileges granted them; duties and obligations are imposed. They are legally bound to keep their road and bridges in order. If any injury arises by reason of their wrongful acts, they are responsible in damages. It was their duty, the bridge not being in repair, to have placed obstructions on it, to prevent persons from passing over it. The injury complained of was the result of their negligence. It can make no difference whether Mrs. Barrett was riding a wild or gentle horse; if their bridge was out of order, and no obstructions placed on it to warn persons of the danger, or prevent them from passing, they are responsible. The injury was the result of their negligence.
Corporations are becoming so numerous, it is the policy of the State to attach to them the same liabilities, to which natural persons are subject and liable. This principle must be enforced; the rights of the citizen require it: 9 Hum., 757. Men, when associated together in a corporate capacity, frequently lose that regard for individual rights, they have as private persons. The direct responsibility is in some degree removed; and truly did Lord Coke remark, that “corporations have no souls;” and the' experience of mankind has become satisfied of the truth of the remark. They can only be controlled through their interest, and *511 held to a strict accountability for their negligence. The verdict is fully supported by the evidence. There is no errorr in the recod.
The judgment is affirmed.